UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
LINETTE McINTOSH

                        Plaintiff,

            v.

AMANDA WHITE, Judge; ERIK S. PITCHEL,
Judge; ANN-MARIA SAMPSON, Child Protective
Specialist; DENISE REID, Supervisor at Children
Village; SHAMAINE ATKINSON, Caseworker at
Children Village; WILLIAM C. HOFFMAN,
Attorney; NICOLE P. BINGHAM, Staff Attorney;
BARBARA SALINTRO, Judge; HON. ELIZABETH
BARNETT, Kings County Family Court;
BROOKDALE UNIVERSITY HOSPITAL; ANNISE
KELLY, Child Protective Specialist; AMANDA
KATZ, Attorney, Administration for Children's
Services; GLADYA CARRION; ZACHARY W.
CARTER; and ALAN W. SPUTZ,

                        Defendants.
-------------------------------------------------------------X

**NOT FOR PUBLICATION**

**MEMORANDUM & ORDER**

16-CV-6654 (PKC)(LB)

PAMELA K. CHEN, United States District Judge:

*Pro se* plaintiff Linette McIntosh commenced the above-captioned action by filing a civil complaint together with a motion to proceed *in forma pauperis*. (Dkts. 1, 2.) Plaintiff thereafter filed an Amended Complaint (Dkt. 5), which is the operative complaint in this case, and several letters to the Court, which the Court views as supplementing the Amended Complaint (Dkts. 4, 6, 7, 8). The Court grants Plaintiff's request to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 for the limited purpose of this Order. For the reasons discussed below, the Court abstains from and dismisses this action in deference to the ongoing Family Court proceedings concerning the child custody matters that Plaintiff raises in this action.

## BACKGROUND

The Amended Complaint (Dkt. 5) consists of a standard form on which Plaintiff has answered a series of questions designed to elicit the facts and claims that she, as a *pro se* plaintiff, seeks to bring in federal court. The Amended Complaint also attaches several exhibits, including what appear to be records of child-custody and child-removal proceedings before the Family Court of the State of New York (*id.* at ECF[1] 24), as well as hand-written notes by Plaintiff describing in more detail the facts and circumstances that she claims resulted in a violation of her legal rights. The Amended Complaint and exhibits do not set forth a clear timeline of events, and, in general, are difficult to comprehend.[2] The Court has made diligent efforts to discern, based on Plaintiff's Amended Complaint, accompanying exhibits, and hand-written letters to the Court, the facts and circumstances about which Plaintiff complains.

Reading Plaintiff's submissions in the light most favorable to her, the Court understands Plaintiff to be making the following allegations. Plaintiff alleges that fifteen government officials (including three judges) have violated the legal rights of Plaintiff, Plaintiff's daughter, and Plaintiff's granddaughter by initiating and participating in administrative and family-court

---

[1] Citations to "ECF" refer to the pagination generated by the Court's electronic docketing system and not the document's internal pagination.

[2] For example, in response to a question asking what "specific federal statutes, federal treaties, and/or provisions of the United States Constitution . . . are at issue in this case," Plaintiff alleged: "11/16/16 Two female black impersonation as ACS worker without no ID refuse to give me documents on that report another two black female came to my door with the Police I refuse to let them in my home they refuse to show their ID and report. [sic]" (Dkt. 5 at ECF 6.) As another example, in response to a question asking "what damages or other relief the plaintiff asks the court to order," Plaintiff alleged: "All judges allow all ACS attorneys continually charging me with the same neglect charge back 2012 to present. All judges allowed all social workers, supervisors caseworkers, lawyers, continually neglect my daughter Education, medical care, finances, I lost my Job seeking 1000,000 million for 14 Amendments rights human right, automatically rules against certain classes of people rights. [sic]" (Dkt. 5 at ECF 8.)

proceedings related to Plaintiff's custody over her sixteen-year-old daughter and, more recently, proceedings related to custody over Plaintiff's newborn granddaughter. Plaintiff appears to allege that the New York Administration for Children's Services ("ACS") has wrongfully taken custody of Plaintiff's daughter and granddaughter based on an erroneous finding of neglect by Plaintiff (as to her daughter) and by Plaintiff's daughter (as to her daughter). Plaintiff also contends that ACS wrongfully denied Plaintiff's request for visitation rights as to both her daughter and granddaughter. (Dkt. 5 at ECF 23.) Plaintiff further alleges that the "judges[,] attorneys, lawyers[,] social workers, supervisor managers, [and] caseworkers" involved in these custody proceedings violated Plaintiff's rights by "repeatedly neglect[ing]" Plaintiff's daughter, who, according to a state court removal order enclosed with Plaintiff's submission, "suffer[s] from mental health issues . . . currently not in treatment." (Dkt. 5 at ECF 16.) In addition, Plaintiff alleges that two women came to her house and impersonated agents of ACS in order to gain access to Plaintiff's home. (*Id.* at ECF 6.)

More recently, Plaintiff has submitted a letter from ACS, dated December 15, 2016, in which ACS notified Plaintiff that its investigation into suspected child abuse by Plaintiff was "unfounded." (Dkt. 7 at ECF 3.) A subsequent letter from ACS, dated December 19, 2016, established a visitation schedule for Plaintiff to see her granddaughter on alternate Mondays. (*Id.* at ECF 4.) Finally, by letter dated April 12, 2017, Plaintiff notified the Court that she planned to hold a protest rally outside the Family Court in Brooklyn, New York, to "fight for our children to come home," and to "fight for our cases to come to a closure." (Dkt. 8.)

Plaintiff does not specifically identify any legal claims that are supported by the various allegations in her complaint, accompanying exhibits, and letters. (*See generally* Dkt. 5.) The closest Plaintiff comes to identifying the legal basis for her complaint is in her request for relief,

3

where she seeks "1000,000 million for 14 Amendments rights Human Right, Automatically Rules against certain classes of people rights [sic]" (Dkt. 5 at ECF 28), and in letters to the Court, where she vaguely asserts a violation of, *inter alia*, her "1) children rights, 2) family rights, 3) mother rights, 4) civil rights, 4) [sic] education rights, 5) 14 Amendments rights, [and] 6) medical rights." (*Id.* at 22.)[3]  With respect to relief, in addition to seeking one million dollars, Plaintiff also requests that this Court remove Plaintiff's child and grandchild from the State's custody (Dkt. 6 at ECF 2), make her Family Court case come to a closure (*id.*), and conduct a "full investigation" of her Family Court case (Dkt. 8 at ECF 1; *see also* Dkt. 5 at ECF 23 (asserting that her Family Court proceedings "need to be review and brought to justice of law"); Dkt. 5 at ECF 15 (requesting "that my case . . . be audited past [and] present")).

## LEGAL STANDARD

"A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal quotation marks and citations omitted).  However, pursuant to the *in forma pauperis* statute, a district court must dismiss a case if the court determines that the complaint "is frivolous or malicious; fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2)(B).  To avoid dismissal, a complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  A claim will be considered plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct

---

[3] The list of "rights" goes on to include more than 20 "rights" in total.  (Dkt. 5 at ECF 22-23.)

alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although "detailed factual allegations" are not required, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (quoting *Twombly*, 550 U.S. at 555). Similarly, a complaint is insufficient to state a claim "if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557).

Moreover, under *Younger v. Harris*, 401 U.S. 37 (1971), as further refined by the Supreme Court's decision in *Sprint Communications, Inc. v. Jacobs*, 134 S. Ct. 584, 588 (2013), "a district court must dismiss [a] federal action if it involves ongoing: (1) state criminal prosecutions, (2) civil proceedings that are akin to criminal prosecutions, or (3) civil proceedings that implicate a State's interest in enforcing the orders and judgments of its courts." *Davis v. Baldwin*, 594 F. App'x 49, 51 (2d Cir. 2015) (quotation marks omitted).

## ANALYSIS

As noted above, Plaintiff's submissions do not set forth a clear timeline of events, and, in general, are difficult to comprehend. The Court gathers, however, that Plaintiff is complaining about ongoing New York Family Court proceedings that have resulted in Plaintiff's loss of custody over her daughter, as well as Plaintiff's failure to obtain custody over her granddaughter while her daughter, who suffers from mental health issues, is in the State's care. In essence, Plaintiff appears to ask this Court to review and intervene in ongoing Family Court proceedings concerning the best interests of, and custody over, her daughter and granddaughter, or, alternatively, to order the Family Court to more swiftly reach a conclusion in those proceedings. Plaintiff bases this request on alleged violations of unspecified constitutional and civil rights of Plaintiff, her daughter, and her granddaughter.

As a preliminary matter, the Court notes that Plaintiff's attempt to invoke the constitutional rights of her daughter and granddaughter likely would fail as a matter of law. In general, a plaintiff cannot pursue a legal action based on alleged violations of the constitutional rights of other persons, even when those persons are members of the plaintiff's family. *See, e.g.*, *Oliveras v. Saranac Lake Cent. Sch. Dist.*, No. 11 Civ. 1110, 2014 WL 1311811, at *24 (N.D.N.Y. Mar. 31, 2014) (collecting cases). And Plaintiff, as a *pro se* litigant, cannot pursue such claims as the legal representative of her daughter or granddaughter, because *pro se* litigants cannot represent others in federal court. *See, e.g.*, *Iannaccone v. Law*, 142 F.3d 553, 558 (2d Cir. 1998) ("[B]ecause *pro se* means to appear for one's self, a [*pro se* litigant] may not appear on another person's behalf.").

Furthermore, as another potential bar to any lawsuit Plaintiff may be trying to bring with respect to custody over her granddaughter, it is unclear whether Plaintiff herself has any personal, legally cognizable interest in custody over her granddaughter. Plaintiff does not allege, for example, that she had legal custody over her grandchild and that her custody was terminated without due process of law. And although parents have "a substantive right under the Due Process Clause to remain together [with their children] without the coercive interference of the awesome power of the state," *Southerland v. City of N.Y.*, 680 F.3d 127, 142 (2011) (internal quotation marks omitted), the same constitutional right might not extend to grandparents at all. *See Troxel v. Granville*, 530 U.S. 57, 75 (2000); *Mullins v. State of Oregon*, 57 F.3d 789, 794 (9th Cir. 1995) ("We have found no other authority supporting the proposition that a grandparent, by virtue of genetic link alone, enjoys a fundamental liberty interest in the adoption of her grandchildren.").

Ultimately, however, the Court need not resolve these questions at this juncture, because, as explained below, the Court finds it proper to abstain from this action.

6

As noted above, through this lawsuit, Plaintiff is essentially asking the Court to review and intervene in ongoing New York Family Court custody proceedings relating to Plaintiff's daughter and granddaughter. *See supra.* This request clearly implicates principles of abstention under *Younger v. Harris*, 401 U.S. 37 (1971). Under *Younger*, "a district court must dismiss [a] federal action if it involves ongoing . . . civil proceedings that are akin to criminal prosecutions[.]" *Davis*, 594 F. App'x at 51 (quotation marks omitted). As the Supreme Court and Second Circuit have found, a "'state-initiated proceeding to gain custody of children allegedly abused by their parents,'" which appears to be the nature of the Family Court proceedings that Plaintiff asks this court to review, "falls within the second category." *Id.* (quoting *Sprint Commc'ns*, 134 S. Ct. at 592). Accordingly, setting aside the potential legal hurdles to Plaintiff's claim, *see supra*, this Court must abstain from and dismiss Plaintiff's action. *See id.*

## CONCLUSION

Plaintiff's request to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 is granted solely for purposes of this Order. For the reasons set forth above, the Court abstains from and dismisses Plaintiff's action. The court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962). The Clerk of Court is respectfully directed to terminate this case.

SO ORDERED.

s/ Pamela K. Chen
PAMELA K. CHEN
United States District Judge

Dated: Brooklyn, New York
April 27, 2017